May Term,
1845.

JOHNSON
v.
ROBERTSON.

Monday,
June 23.

JOHNSON, Administrator, *v.* ROBERTSON and Another, Executors.

A widow has no claim on her deceased husband's estate, relative to the 100 dollars' worth of personal property allowed her by the act of 1838, if she fail to select the property before the sale of it by the executor.

ERROR to the *Shelby* Probate Court.

SULLIVAN, J.—*Semela Campbell*, the complainant's intestate, filed a bill against the defendants as the executors of *Joses Campbell*, deceased, her late husband, praying that the proceeds of certain articles of property mentioned in the bill, be paid to her by the executors in lieu of the 100 dollars' worth of property which, by the law then in force, she was authorized to select from the personal estate of her deceased husband, and retain without accounting therefor, &c. Pending the suit *Semela Campbell* died, and the suit progressed in the name of her administrator, the present complainant.

The prayer for relief is founded on the following facts set forth in the bill: In *December*, 1838, *Semela* and *Joses Campbell* were married; in *April*, 1841, on account of ill-treatment from her husband, and for the preservation of her health, she left him and removed to the state of *Illinois*, where she remained until she heard of his death; that three or four months after his death, she returned to *Shelby* county in this state where he died, and found on her arrival that the defendants, as the executors of her late husband, had inventoried and sold all his personal property amounting to about 593 dollars. The bill then enumerates certain articles of property, which had been sold by the executors as the property of *Joses Campbell*, and prays that the defendants may be decreed to pay the sum for which they sold. The defendants demurred to the bill. The demurrer was allowed, and the bill dismissed.

The act of 1838, sect. 10, R. S. 1838, p. 238, which is the law governing this case, after declaring that the widow of any decedent shall be entitled to one-third of his personal property in the distribution thereof, after the payment of debts, and that she may select one-third of the goods at the valuation, &c., further provides that such widow, over and above the privileges aforesaid, may select at the time of valua-

VOL. VII.—54

JOHNSON
v.
ROBERTSON.

May Term,
1845.

tion 100 dollars in value of the personal estate of her deceased husband, for which she shall not be required to account, &c.

The only question that need now be decided is whether the widow, having failed to make the selection of the 100 dollars' worth of property allowed her by the statute, before the sale of it by the executors, can turn round and make that amount a charge upon the estate. We are of opinion she cannot. If we were to follow the statute literally, we should be compelled to say that she must make her selection at the very time the property is inventoried and valued, and that if she failed to do so, her right to select was gone. We think, however, the statute will bear a more liberal construction, and that the selection may be made at any time before the goods pass out of the hands of the executor or administrator. It is the widow's privilege to select for her own use 100 dollars' worth of the personal property. The executor or administrator is not bound to set apart, and tender to her, property of the requisite amount. The articles are to be of her own selection, and if she does not select before they have passed into other hands, she must be presumed to have waived her privilege.

The legislature, in the R. S. of 1843, in order to remedy what was supposed to be a defect in the statute of 1838, passed an amendatory act, in which it is provided that a widow, when the property of her deceased husband shall have been sold without a selection being first made by her, shall be entitled to receive out of the proceeds of the sale the amount in money, according to the value of the property she was authorized to retain. The last-named statute assists us in construing the statute on which the claim in this bill is founded.

*Per Curiam.*—The decree is affirmed with costs.

*J. Morrison* and *S. Major*, for the plaintiff.

*R. Mayhew*, for the defendants.